GILMAN JOHNSON, appellant, v. LIMESTONE PRODUCTS COMPANY, appellee.

No. 47915.

(Reported in 50 N.W.2d 649)

JANUARY 8, 1952.

Weible & Slife, of Forest City, for appellant.

Westfall, Laird & Burington, of Mason City, for appellee.

HAYS, J.—Action for damages arising out of a collision between plaintiff's car and defendant's truck at an intersection of two secondary roads. From a directed verdict and judgment for defendant, plaintiff appeals. The single question presented is as to which party had the statutory right of way.

In 1949, appellant was driving *east* on what is known as "Old Highway No. 9." The appellee was driving *north* on a road which intersected therewith. Neither party stopped at the intersection, with resulting collision. Prior to 1941 "Old Highway No. 9" was a part of Primary No. 9. In 1941, the portion in question was eliminated therefrom and, under section 4755.02, Code of 1939, reverted to and became "a part of the system from which originally taken."

It is appellant's contention that upon the elimination

from the Primary System it reverted to and became a county trunk road; that under sections 321.351 and 321.321, Code of 1946, it was a through highway with a duty on appellee to stop before entering same from an intersecting road. Appellee asserts that it reverted to and became a local county road; that, as he was approaching the intersection from appellant's right, under section 321.319, Code of 1946, it was appellant's duty to recognize appellee's right of way by slowing or stopping, if necessary, to avoid a collision. An examination of the early status of this road, together with the legislative history, becomes necessary in order to determine its status upon reversion.

The record is very meager and unsatisfactory. It is stipulated that "Old Highway No. 9" was a primary highway prior to 1941 and that in 1941, by appropriate action of the State Highway Commission, it was abandoned as a primary highway and reverted from the Primary System. It further appears from a highway map (Exhibit C), dated April 11, 1919, that the road referred to as "Old Highway No. 9" was a part of the County Road System. As to when it became a part of the Primary System can only be ascertained by conjecture, when examined in the light of existing statutes relative to roads.

Prior to 1913 all roads were under the supervision of the township trustees. In that year, by chapter 122, section 4, Acts of the Thirty-fifth General Assembly, it was provided that the county supervisors select certain roads of the county, which connected main marketing places, to be improved under their supervision—these roads to be known as the County Road System.

In 1917, by chapter 249, section 2, Acts of the Thirty-seventh General Assembly, certain roads of the county were to be selected for improvement under the Federal Aid Road Act. In view of the fact that in 1919 the road in question is shown to be a county road (Exhibit C), we assume it was included under the Acts of the Thirty-seventh General Assembly for Federal Aid.

In 1919, chapter 237, section 1, Acts of the Thirty-eighth General Assembly, divided the roads of the counties into the Primary and Secondary Systems. Section 3 provided that the Primary Road System embraced all roads selected for Federal Aid, under section 2, chapter 249, Acts of the Thirty-seventh General Assembly, subject to revision by the State Highway Commission,

and that any portion eliminated by the commission should revert to the system from which originally taken. The Secondary Road System embraced all other roads of the counties, and it was provided that they should "continue to be classed as at present," to wit, "county roads or township roads as the case may be." This latter provision is a recognition of the authority granted to the supervisors under chapter 122, Acts 35th G. A., supra. Under the provisions of chapter 237, Acts 38th G. A., supra, we assume that the road in question became a part of the Primary System.

In 1924, by chapter 25, section 2(5), Acts of the Fortieth Extra General Assembly, the County Road System embraced all roads which were then "designated as county roads [as shown] by the plans and records" on file with the county auditor and the State Highway Commission and as "may hereafter exist by legal modifications or additions." Under section 3, the supervisors might apply to the commission for authority to make changes therein. Roads not embraced in the County Road System remained as township roads.

In 1929, by chapter 20, Acts of the Forty-third General Assembly, the County and Township Road Systems were abolished, and section 2 placed all roads, except primary and state roads and roads in cities and towns, in the Secondary System and under the supervision of the county supervisors. Section 5 provided that roads which are *now* designated as county roads as shown by plans and records *now* on file in the office of the county auditor and State Highway Commission shall hereafter be known as county trunk roads. All other roads of the Secondary System to be known as local county roads. Section 6 stated the mileage of the county trunk roads should not be materially increased except on approval of the State Highway Commission.

It thus appears that in 1941 when the road was eliminated from the Primary System, the County Road System from which it was originally taken had been abolished, there being substituted therefor the Secondary System which embraced all roads in the county except as above noted. County trunk roads consisting of certain definitely designated roads were established. "Old Highway No. 9" was not and could not have been included therein. We are of the opinion that upon being eliminated from the Primary System "Old Highway No. 9" reverted to the Secondary

System. It automatically became a part of that system of roads concerning which no special action had been taken by the supervisors with the consent of the highway commission, namely, the local county roads. This being our holding, it follows that as of the date of the reversion in 1941, section 5026.03, Code of 1939 (section 321.321, Code of 1946), was not applicable.

The record shows by Exhibit 1, being an official highway map of Worth County dated 1948, that the county trunk roads of the county are designated by distinct letters and the road in question is not so designated. There is nothing in the record to show that any steps have ever been taken by the supervisors or highway commission to enlarge the existing mileage of county roads, as of 1941, as required by section 4644.05, Code of 1939 (section 309.5, Code of 1946). We hold that at the time of the collision in 1949, section 321.319, Code of 1946, was the applicable statute and that under it appellee had the statutory right of way.

Appellant cites Davis v. Hoskinson, 228 Iowa 193, 290 N.W. 497, as bearing upon the issue presented here. There it was found as a fact that the highway in question was a county trunk road, and then applied sections 321.351 and 321.321, Code of 1946. It starts with a finding of the existence of the basic fact which we **specifically find** does not exist in the instant case. The case is of no assistance to appellant.

Finding no error the judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.